The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
EVIDENTIARY RULING
Following the hearing before Deputy Commissioner Dollar, the depositions of Larry W. Boyles, M.D., and John A. Hamjian, M.D., were received into evidence. The objections raised therein are ruled upon in accordance with the law and this Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, filed 12 February 1996, and at the hearing on 20 February 1996 as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties.
2. Fireman's Fund Insurance Company was the carrier on the risk.
3. Plaintiff's average weekly wage was sufficient to yield the maximum compensation rate of $466.00.
4. The date of the alleged injury was 22 April 1994.
5. The issues for determination are:
 a. Whether plaintiff sustained a compensable injury, and if so, to what benefits may he be entitled;
b. Is plaintiff's claim barred by G.S. § 97-22;
 c. To what extent are plaintiff's current problems causally related to the incident on 22 April 1994.
6. The parties stipulated forty-four pages of medical reports into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as a plant manager, having been employed since September 1993. Defendant-employer's business involved the granulation of insulated wire in order to reclaim copper and aluminum out of the material.
2. While working in his position with defendant-employer on 22 April 1994, plaintiff was attempting to install a motor on a conveyor and was working alone on the installation. Plaintiff maneuvered the motor into position by using a forklift. When plaintiff bent over to attach the motor, he raised up, hitting his head on the end of the forklift. Plaintiff fell forward across the corner of an open pit, and as he fell, plaintiff reached across and grasped the edge of the pit.
3. As the result of this incident, plaintiff twisted his back and sustained a laceration on his head. Despite these injuries, plaintiff continued working in his position with defendant-employer, believing that the pain and stiffness in his back would subside.
4. Plaintiff informed a coworker of the incident, and defendants had actual knowledge of the incident and plaintiff's injuries. Any non-compliance by plaintiff with the requirements of G.S. § 97-22 is reasonably excused and defendants were not prejudiced in any manner as the result thereof.
5. Plaintiff's pain as the result of the incident on 22 April 1994 did not subside, and he sought medical treatment from Dr. Wes Cardwell, a chiropractor, on 18 May 1994. Dr. Cardwell performed manipulation therapy on plaintiff's back for several weeks. However, plaintiff's back pain worsened and during one visit his condition was aggravated by the manipulation therapy.
6. Following this final manipulation treatment, plaintiff began to experience difficulty with walking and keeping his balance, and with numbness in his legs, feet and hands. Plaintiff was then referred to Dr. H. Grey Winfield, III, an orthopedist, on 23 June 1994.
7. Dr. Winfield examined plaintiff on 29 June 1994, at which time he diagnosed plaintiff as having a lumbar disc herniation.
8. Because of the additional problems not associated with his back, plaintiff was referred to Dr. Larry Boyles, a neurologist, who initially examined plaintiff on 11 July 1994. Dr. Boyles diagnosed plaintiff as having meralgia parasthethica, which is an entrapment of the laterfoemoral cuntaneous nerve of the thigh and which produces numbness and burning pain in the thigh. Dr. Boyles was of the opinion that part of the problems associated with plaintiff's leg were caused by this condition and that this condition was more probably than not caused by the incident at work on 22 April 1994.
9. Under the direction of Dr. Boyles, plaintiff underwent a series of nerve blocks for his meralgia parasthethica condition. These treatments were not successful.
10. Dr. Boyles also noted that plaintiff was experiencing weakness, or polyneuropathy, in his left leg. Plaintiff's neuropathy was not related to his meralgia parasthethica condition. In some cases, neuropathy is associated with diabetes, and plaintiff had informed Dr. Boyles of his diabetic condition. However, plaintiff had been asymptomatic prior to the 22 April 1994 work related injury and subsequent chiropractic treatment. Dr. Boyles was of the opinion that the type of trauma plaintiff experienced on 22 April 1994 may have caused plaintiff's polyneuropathy to become symptomatic. Additionally, plaintiff's diabetic condition could make recovery from the injuries he sustained more slow and difficult.
11. Plaintiff was last seen by Dr. Boyles on 27 September 1994. As of that date, plaintiff's symptoms had not improved.
12. Plaintiff was next referred to Dr. John A. Hamjian for further evaluation treatment of his low back pain and other nerve related problems. Dr. Hamjian initially examined plaintiff on 24 August 1994. Following his examination, Dr. Hamjian diagnosed plaintiff as having three distinct problems. Plaintiff was diagnosed with right side L-5 radiculopathy, meralgia parasthetic in the left thigh, and a polyneuropathy. The later two conditions were also diagnosed by Dr. Boyles.
13. During his deposition on 28 May 1996, Dr. Hamjian explained that radiculopathy is a condition that can be caused by the type of trauma plaintiff experienced at work on 22 April 1994. Radiculopathy causes a deficit in strength and sensation in the affected area and may also be accompanied by pain from a nerve root.
14. Dr. Hamjian's testimony regarding plaintiff's meralgia parasthetic condition was similar to that of Dr. Boyles, in that this condition may have been caused by the type of trauma plaintiff sustained on 22 April 1994 or from the chiropractic treatment plaintiff underwent thereafter.
15. Dr. Hamjian's testimony relating to plaintiff's polyneuropathy was inconclusive. He had knowledge of this condition being aggravated by trauma and becoming symptomatic, but could not testify to a reasonable degree of medical certainty that this had occurred with plaintiff's condition.
16. The Full Commission places more weight on the testimony of Dr. Boyles than that of Dr. Hamjian regarding the cause of plaintiff's polyneuropathy. Each physician testified by deposition, and the Full Commission is in as good a position to judge their credibility on this subject as was the Deputy Commissioner.
17. Plaintiff continued to work for defendant-employer through the course of his treatment by Drs. Boyles and Himjian, despite the fact that his symptoms were worsening over time. Plaintiff experienced increased difficulty in keeping his balance while walking and with his overall motor skill abilities. Plaintiff's condition was continuing to decline when defendant-employer's plant closed in October or November 1994.
18. Following the closure of defendant-employer's plant, plaintiff was not offered any light duty position or assistance with finding other employment. Eventually, for reasons related to his family, plaintiff moved to Texas. After his move plaintiff searched for work, but was unsuccessful. Plaintiff also continued to seek medical treatment at his own expense for the conditions with which he had been diagnosed.
19. The work related incident on 22 April 1994 was an interruption of plaintiff's normal work routine and constituted an injury by accident arising out of and in the course of his employment with defendant-employer.
20. The conditions with which plaintiff has been diagnosed, right side L-5 radiculopathy, meralgia parasthetic in the left thigh and polyneuropathy, were caused by or materially aggravated by his 22 April 1994 injury by accident and related medical treatment. These conditions were the direct and natural result plaintiff's injury by accident and related medical treatment and were not the result of any independent intervening cause attributable to plaintiff's own intentional conduct.
21. As the result of his 22 April 1994 injury by accident and related medical treatment, plaintiff has been unable to earn wages in his former position with defendant-employer or in any other employment from the date on which defendant-employer's plant closed in October or November of 1994 through the date of this Opinion and Award.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 22 April 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6).
2. Any non-compliance by plaintiff with the requirements of G.S. § 97-22 is reasonably excused and defendants were not prejudiced in any manner as the result thereof.
3. The conditions with which plaintiff has been diagnosed were caused by or materially aggravated by his 22 April 1994 injury by accident and related medical treatment. These conditions were the direct and natural result plaintiff's injury by accident and related medical treatment and were not the result of any independent intervening cause attributable to plaintiff's own intentional conduct. G.S. § 97-2(6).
4. As the result of his 22 April 1994 injury by accident and related medical treatment, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $466.00 per week from the date on which defendant-employer's plant closed in October or November of 1994 through the present and continuing until such time as plaintiff returns to work or until further order of the Industrial Commission. G.S. § 97-29.
5. As the result of his 22 April 1994 injury by accident, plaintiff is entitled to have defendants pay for all medical expenses incurred or to be incurred. G.S. § 97-25.
6. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for counsel for plaintiff. G.S. § 97-90.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee hereinafter awarded, defendants shall pay to plaintiff temporary total disability compensation at the rate of $466.00 per week from the date on which defendant-employer's plant closed in October or November of 1994 through the present and continuing until such time as plaintiff returns to work or until further order of the Industrial Commission. The compensation which has accrued shall be paid to plaintiff in a lump sum.
2. Defendants shall pay for all reasonable medical expenses incurred or to be incurred as the result of plaintiff's 22 April 1994 injury by accident.
3. Defendants shall pay an attorney's fee of twenty-five percent of the compensation awarded herein to counsel for plaintiff. From the amount of compensation which has accrued, the fee shall be deducted from the amount owed to plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check payable to plaintiff thereafter.
4. Defendants shall pay the costs due this Commission.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ DIANNE C. SELLERS COMMISSIONER